FILED

2012 AUG 24  PM 2:58

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1  LAW OFFICES OF ODION L. OKOJIE
   Odion L. Okojie, SBN: 164931
2  880 West First Street, Suite 313
   Los Angeles, CA 90012
3  Telephone: (213) 626-4100
   Telefax: (213) 626-6900
4  Email: Okojielaw@aol.com

5  DAVID IYALOMHE & ASSOCIATES
   DAVID IYALOMHE, SBN: 222396
6  880 West First Street, Suite 313
   Los Angeles, CA 90012
7  Telephone: (213) 626-4100
   Telefax: (213) 626-6900
8  Email: david@doialaw.com

9  Attorneys for Plaintiffs: JULIA WORTH STURM, SANDRA STURM, HOPE MAGEE,
   PAULYISHA SHAW, JACOREY SHAW, CHARLES SHAW, MARLENE MICHELE
10 MOORE, ALFONZIA JASON MOORE, PAUL PERSON, MARLENE MOORE, MICHELE
   PERSON, and ALMALIA OCON, individuals

11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14 JULIA WORTH STURM, an individual;          )   CASE NO. CV12-7305 - DMG
    SANDRA STURM, an individual;              )                        (AGRx)
15 HOPE MAGEE, an individual;                 )
16 PAULYISHA SHAW, an individual;             )   COMPLAINT FOR DAMAGES
   JACOREY SHAW, an individual;               )   AS A RESULT OF
17 CHARLES SHAW, an individual;               )   DISCRIMINATORY HOUSING
   MARLENE MICHELE MOORE, an individual;      )   PRACTICES DIRECTED AT
18 ALFONZIA JASON MOORE, an individual;       )   PLAINTIFFS IN VIOLATION
   PAUL PERSON, an individual;                )   OF FEDERAL AND STATE
19 MARLENE MOORE, an individual;              )   FAIR HOUSING LAWS
   MICHELE PERSON, an individual;             )
20 and ALMALIA OCON, an individual;           )
                                              )
21              PLAINTIFFS,                   )
                                              )
22 vs.                                        )
                                              )
23 DAVLYN INVESTMENTS, INC, a California      )   PLAINTIFFS DEMAND JURY
   Corporation; DLGP AVENTINE, LLC, a         )   TRIAL
24 California Limited Liability Company;       )
   and others to be joined under Rules 19     )
25 of the Federal Rules of Civil Procedure    )
                                              )
26              DEFENDANTS.                   )
                                              )
27 _____ COME NOW Plaintiffs JULIA WORTH STURM, SANDRA STURM, HOPE MAGEE,

28 _____

   COMPLAINT FOR DAMAGES                                                    1

1  PAULYISHA SHAW, JACOREY SHAW, CHARLES SHAW, MARLENE MICHELE

2  MOORE, ALFONZIA JASON MOORE, PAUL PERSON, MARLENE MOORE, MICHELE

3  PERSON, and ALMALIA OCON (hereinafter collectively known as "Plaintiffs"), and pursuant

4  to Rule 8(a) of the Federal Rules of Civil Procedure set forth the following allegations in

5  support of their claims for relief against Defendants in this action:

I. JURISDICTION AND VENUE

7  1.      PLAINTIFFS bring this action to enforce the provisions of the State of California and

8  federal fair housing laws, including but not limited to the provisions of Title VIII of the Civil

9  Rights Act of 1968 (the Fair Housing Act), as amended by the Fair Housing Amendments Act

10  of 1988, 42 U.S.C. §§ 3601 et seq.; laws and statutes of the State of California, especially Civil

11  Code § 51, et seq. (The Unruh Civil Rights Act); and California Government Code § 12900, et

12  seq., commonly known as the California Fair Employment and Housing Act (FEHA).

13  2.      This Court has jurisdiction over this action under the provisions of 28 U.S.C. § 1331,

14  1343 and 1345 and 42 U.S.C. §§ 3601-3619. The Court has supplemental jurisdiction pursuant

15  to 28 U.S.C. § 1367 to hear and determine Plaintiffs' state law claims because the claims are

16  related to Plaintiffs' federal claims and arise out of a common nucleus of operative facts.

17  Plaintiffs' state and federal claims form part of the same or similar case or controversy under

18  Article III of the constitution of the United States of America.

19  3.      The venue of this action is properly in the United States District Court for the Central

20  District of California pursuant to 42 U.S.C. §§ 1391(b) and 42 U.S.C. 3612(o) as all of the

21  events or omissions giving rise to these claims occurred in this judicial district and within the

22  County of Los Angeles, State of California. The Court has authority to grant declaratory and

23  injunctive relief as well as punitive damages pursuant to 42 U.S.C. §3612(o)(3), and 42 U.S.C. §

24  3613(c)(1) and also award Plaintiffs their reasonable attorneys' fees and costs pursuant to 42

25  U.S.C. § 3613(c)(2).

///

II. PARTIES

4.      Plaintiffs and each of them, were and have at all times herein mentioned been American citizens residing at apartment units at the real property known as The Aventine at West Hills, which is located at 21450 Chase Street, in the City of Canoga Park, County of Los Angeles, State of California (hereinafter called "Subject Property.")

5.      For purposes of the State of California and federal fair housing and civil rights laws, Plaintiff JULIA WORTH STURM ("Plaintiff J.W. STURM") is a competent adult Caucasian female who suffers from chronic pain syndrome, a physical and psychological disability which impairs her mobility and she is associated with the other disabled and African American Plaintiffs who were discriminated against during Plaintiffs' tenancy at the Subject Property on account of their race, color and disability.

6.      Plaintiff SANDRA STURM is the daughter of handicapped Plaintiff J.W. STURM and is "associated with" the handicapped Plaintiffs, including Plaintiffs J.W. STURM and Plaintiff M.M. MOORE and the African American Plaintiffs-tenants at the Subject Property within the meaning of federal and State of California fair housing laws, including 42 U.S.C. § 3604(f)(2)(c). Both Plaintiffs J.W. STURM and SANDRA STURM shall hereinafter be referred to as "STURM Plaintiffs." All of the STURM Plaintiffs are adult citizens of the United States.

7.      Plaintiffs HOPE MAGEE, PAULYISHA SHAW, JACOREY SHAW, and CHARLES SHAW (hereinafter collectively called "MAGEE Plaintiffs") are African Americans who resided at the Subject Property at relevant times to this action. The MAGEE Plaintiffs are all adult citizens of the United States.

8.      Plaintiff MARLENE MICHELE MOORE (hereinafter referred to as "Plaintiff M.M. MOORE") is an African American disabled person who suffers from high blood pressure, had two artificial knees replacement with two discs surgery on her back which impairs her mobility and therefore permanently uses a wheelchair to move about. Plaintiff M.M. MOORE resided at the Subject Property with co-Plaintiffs ALFONZIA JASON MOORE, PAUL PERSON, MARLENE MOORE, MICHELE PERSON and AMALIA OCON, who were all co-tenants as well as provided support and care to Plaintiff M.M. MOORE and were all "associated with"

Plaintiff M.M. MOORE within the meaning of federal and State of California fair housing laws, including 42 U.S.C. § 3604(f)(2)(c) . Plaintiffs M.M. MOORE, ALFONZIA JASON MOORE, PAUL PERSON, MARLENE MOORE, MICHELE PERSON and AMALIA OCON are all adult citizens of the United States and shall hereinafter be collectively referred to as the "MOORE Plaintiffs"

9.      Based upon information and belief Plaintiffs allege that business-entity defendants DAVLYN INVESTMENTS, INC, and  DLGP AVENTINE, LLC., (hereinafter "Defendants"), are now, and were at all times herein mentioned business entities or corporations authorized to, and doing business within the County of Los Angeles, State of California and have been involved in the ownership, operation and management of the approximately 101-multi-family apartment units at the Subject Property. Defendant DAVLYN INVESTMENTS, INC., is a duly licensed real estate corporate broker in the State of California.

10.      Plaintiffs are informed and believe, and based on thereon allege that at all times mentioned herein, each and every defendant and its agents, was the agent, servant, employee, co-conspirator, and/or representative of each and every other defendant and was, in doing the things complained of herein, acting within the course, scope and authority of that agency, service, employment, conspiracy, and/or representation, and each and every defendant was acting within his/her actual or apparent authority with the full knowledge and consent of the other defendants.

11.      Plaintiffs are ignorant of the true names and capacities of certain parties who may later be identified as proper parties to this action and Plaintiff will pray leave of this court to amend this Complaint to allege their true names and capacities when ascertained pursuant to the provisions of Rule 19 of the Federal Rules of Civil Procedure.

///

///

///

## III. FACTUAL ALLEGATIONS

### A. Introduction

12.     The Subject Property is a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

13.     Defendants, acting individually or in concert, directly or through agents, have engaged in discrimination and retaliation against Plaintiffs because of Plaintiffs' disability or on account of Plaintiffs' race and color (Black/African Americans) or based on Plaintiffs' association with disabled tenants during Plaintiffs' tenancy and during the ownership and operation of the Subject Property by these Defendants.

14.     Defendants' unlawful acts and conduct include, but not limited to, commission of the following discriminatory housing practices:

a.     Denying Plaintiffs J.W. STURM's and M.M. MOORE's requests for reasonable accommodations in Defendants' policies, practices, or services, when the accommodations were reasonably necessary to afford the disabled tenants equal opportunity to the use and enjoyment of a dwelling;

b.     Denying a dwelling to a person on account of race and color (Black/African-Americans;

c.     Discriminating in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling based on race and color, and disability;

d.     Evicting tenants and those associated with the tenants because of the tenants' disability, or race and color;

e.     Aiding, abetting, inciting, compelling, or coercing the doing of any of the acts or practices declared unlawful by the federal Fair Housing Act and the California Fair Employment and Housing Act, or attempting to do so; and

f.     Coercing, intimidating, threatening, or interfering with persons in the exercise or enjoyment of rights granted or protected under the Federal Fair Housing Amendments Act and California Fair Employment and Housing Act.

15. Defendants negligently failed to hire, train, supervise, and discipline its agents and employees, and themselves, in order to conform to the operation of the Subject Property to the standard of care for the operation of multi- family residential dwellings in the housing industry.

16. Based on information and belief, Plaintiffs allege that Defendants continue to engage in rental practices that discriminate against, and provide differential treatment, to tenants on account of their race and color and disabled status, so as to constitute a continuing violation of the federal Fair Housing Act, the State of California Fair Employment, and Housing Act and the Unfair Business Practices Act.

FACTS REGARDING "STURM PLAINTIFFS"

17. In March of 2011, Plaintiff J.W. STURM moved from New York into apartment 146 of the Subject Property with her household including Plaintiff SANDRA STURM and resided there until October of 2011, when the STURM Plaintiffs were forced to involuntarily vacate the Subject property because they could no longer tolerate the discriminatory, harassing and retaliatory conduct and practices that they were subjected to by Defendants' agents at the Subject Property. Prior to moving into the apartment complex, Defendants agents lied to Plaintiff J.W. STURM that the entire complex was wheelchair and handicap accessible even for tenants who use wheelchairs to move about such as Plaintiff J.W. STURM.

18. Plaintiff J.W. STURM suffers from a chronic, disabling and regional pain syndrome, which severely affects her mobility and ability to walk up and down the stairs at the Subject Property. Plaintiff J.W. STURM is a disabled or handicapped person as defined under the federal Fair Housing Amendments Act (42 U.S.C. §§ 3601-3619); the California Fair Employment and Housing Act (Cal. Gov. Code § 12955 et seq.); the Unruh Civil Rights Act (Cal. Civ. Code § 51); and the Disabled Persons Act (Cal. Civ. Code § 54.1).

19. During the course of their tenancy, as a result of the handicap or disability of Plaintiff J.W. STURM and on behalf of the other handicapped tenants at the Subject Property, Plaintiff J.W. STURM requested and sought reasonable accommodation for handicap tenants in the form of accessible ramps and provision of hand rails on stair ways and steps on the rental premises to

COMPLAINT FOR DAMAGES

6

enable handicapped tenants and residents at the Subject Property move easily or freely in and out of the Subject Property like Defendants' non-handicapped tenants but Defendants' agents denied the STURM Plaintiffs' requests.

20.     On several occasions during their tenancy, Plaintiff J.W. STURM slipped and fell as she struggled to use the stairs or steps to either go up or down the stairs leading to her unit.

21.     During their tenancy, the STURM Plaintiffs witnessed Defendants' agents engaging in discriminatory and harassing mistreatment of their fellow tenants on account of race and color, especially the African American tenants at the Subject Property. For instance, (a) Defendants' agents would boast that they successfully refused to rent dwelling units at the Subject Property to African American tenants; (b) Defendants' agents would direct non-Blacks or non-African American tenants to spy on African American tenants and report to Defendants so agents of Defendants can evict African American tenants; (c) Defendants would falsely accuse African American tenants of vandalizing the Subject Property and causing the severe water leakages and plumbing problems at the Subject Property; (d) Defendants' agents and maintenance employees at the Subject Property stated that Defendants' property managers directed them to take photographs of any damages at the Subject Property and report that such damages were caused by African American tenants so that Defendants can attribute the damage to African American tenants/plaintiffs and use that as reason to evict the African American tenants; (e) Defendants' agents made false reports to the police and falsely accused African American tenants/plaintiffs of engaging in criminal activities; and (f) agents of the Defendants made derogatory comments of and concerning African American tenants/plaintiffs at the Subject Property.

22.     When the STURM Plaintiffs protested against and complained about the foregoing discriminatory and harassing conduct and mistreatment against African American tenants/plaintiffs to agents of the Defendants, Defendants' agents advised them to focus on their businesses and then threatened Plaintiffs with severe consequences if the STURM Plaintiffs did not stop complaining about the mistreatment directed at their neighbors on account of race and

1   color of the tenants.

2   23.     As a result of the STURM Plaintiffs' continuous reasonable accommodation requests on

3   behalf of handicapped tenants at the Subject Property and protests against Defendants'

4   discriminatory and harassing mistreatment of African American tenants, agents of Defendants

5   began to make false allegations against them and Defendants refused to repair the uninhabitable

6   conditions at the STURM Plaintiffs' dwelling unit,

7   24.     At all relevant times to this action and during their tenancy, the STURM Plaintiffs

8   complained about the unsafe and uninhabitable conditions at the Subject Property to agents of

9   the Defendants, including but not limited to: overflowing trash cans, debris coming out of

10  showers and clogged kitchen sinks; broken and inoperable windows thereby exposing tenants to

11  outside air; non-repair of non-functioning air conditioner or install proper smoke detectors;

12  sewage back up in the master bedroom shower; broken dishwasher and defective old pipes and

13  water leakages; uncleaned and unsanitary air ducts, defective and sparking electrical wires and

14  outlets; inoperable oven severe roaches; and rats infestations, mold and mildew infestation, dirty

15  and unsanitary swimming pool; and non-repair of constant gas leakages inside the dwelling unit.

16  Defendants ignored Plaintiffs' numerous requests and refused to carry out timely repairs at

17  Plaintiffs' dwelling unit.

18      FACTS REGARDING "MOORE PLAINTIFFS" AND "MACGEE PLAINTIFFS"

19  25.     The MOORE Plaintiffs moved into the Subject Property in the Spring of 2008, until they

20  were forced to involuntarily vacate the Subject property in November of 2011 because they

21  could no longer tolerate the discriminatory, harassing and retaliatory conduct and practices that

22  Defendants subjected Plaintiffs to on account of their race, color (African American /Black) and

23  the handicap or disability of Plaintiff M.M. MOORE, or Plaintiffs' association with

24  handicapped tenants.

25  26.     The MAGEE Plaintiffs moved into the Subject Property in September of 2009, until they

26  were forced to involuntarily vacate the Subject property in November of 2011, because they

27  could no longer tolerate the discriminatory, harassing and retaliatory conduct and practices that

28

Defendants subjected Plaintiffs to on account of their race, color (African American/Black) and Plaintiffs' association with handicapped tenants-plaintiffs during Plaintiffs' tenancy at the Subject Property.

27.     Defendants' agents represented to the MOORE Plaintiffs that the Subject Property was handicap friendly and was accessible to handicap tenants, including wheelchair bound tenants and residents. However, when Plaintiffs moved into the Subject property they learned that the dwelling units and the entire Subject Property was not accessible to handicap people especially wheelchair-bound tenants.

28.     During relevant times to this action and during the course of their tenancy, as a result of the handicap or disability of Plaintiff M.M. MOORE and on behalf of the other handicapped tenants at the Subject Property, the MOORE Plaintiffs requested and sought reasonable accommodation for handicap tenants in the form of accessible ramps and designated handicap parking spots for handicap tenants and providing for proper hand rails in stair ways and steps at the premises to enable handicapped tenants and residents at the Subject Property have equal access and benefits of the Subject Property with Defendants' non-handicapped tenants. Defendants' agents denied the requests made by the MOORE Plaintiffs.

29.     During Plaintiffs' tenancy at the Subject Property, Defendants' agents subjected African American tenants, including the African American plaintiffs in this action, to numerous incidents of discrimination and harassment on account of their race and color (African Americans/Black) .

30.     For instance, (a) Agents of Defendants refused African American tenants/family members access to common areas at the Subject property while non-Blacks move freely and socialized with one another in the common areas at the Subject Property; (b) Agents of Defendants prohibited African American tenants and their minor children from being outside or playing outside their dwelling units, around the common areas of the Subject property, whereas minor children of non-African American descent were not so restricted; (c) Defendants' agents informed the MAGEE Plaintiffs that Defendants wanted to evict them because they complain

1  too much about the conditions in their dwelling units and about the discriminatory housing
2  policies and practices at the Subject Property including those directed at Plaintiffs; (d)
3  Defendants employed a security team that intimidated African Americans tenants and some of
4  the security officers used derogatory words like "kill niggers" and made demeaning comments
5  of and concerning African American tenants; (e) Defendants denied MAGEE Plaintiffs'
6  requests to be relocated to another dwelling unit when their apartment was severely flooded and
7  their personal property destroyed by the floods even though Defendants relocated other non-
8  Blacks/African American tenants and reimbursed these non-African American tenants for their
9  damaged property as a result of the floods; (f) Defendants' agents regularly and falsely accused
10 African American tenants of playing their music or televisions too loudly but they never
11 complained about other non-African American tenants that were actually playing their musical
12 equipment loudly and non-African American tenants were allowed to hold parties even into the
13 early hours of the mornings and drinking and making loud noises without any reprimand or
14 warnings from Defendants to the non-Black tenants; (g) Defendants' agents falsely accused
15 African American tenants of subletting dwelling units to unauthorized occupants though
16 defendants knew the allegation was false since no non-family members resided in the MAGEE
17 unit; (h) Defendants falsely accuse African American tenants of vandalizing the Subject
18 Property and/or causing the severe water leakages and plumbing problems at the Subject
19 Property; (i) Defendants' agents ordered Plaintiffs to remove pets from their dwelling units
20 whereas non-Blacks and non-African American tenants were allowed to keep pets in their
21 apartments; (j) Defendants' agents made false reports to the police and falsely accuse African
22 American tenants/plaintiffs of engaging in criminal activities; and (k) agents of the Defendants
23 made derogatory comments of and concerning African American tenants/plaintiffs at the Subject
24 Property.
25      31.    The MAGEE and MOORE Plaintiffs complained about these discriminatory and
26 harassing mistreatment of African American tenants to agents of the Defendants. Rather than
27 address Plaintiffs' complaints, Defendants considered Plaintiffs as ring leaders and therefore
28

1   intensified the harassment and discrimination Plaintiffs were subjected to including refusing to

2   carry out needed and requested repairs to Plaintiffs' dwellings.

3   32.     At all relevant times during their tenancy, the MOORE Plaintiffs complained about the

4   unsafe and uninhabitable conditions at the Subject Property to agents of the Defendants,

5   including but not limited to: severe bedbugs and roaches infestation; non-operable or

6   functioning bathroom; lack of windows screens; severe plumbing problems, water leakages and

7   defective pipes, broken toilet; and defective electrical wires and outlets. Defendants denied

8   Plaintiffs' request and failed to carry out timely repairs at Plaintiffs' dwelling unit.

9   33.     At all relevant times during their tenancy, the MAGEE Plaintiffs complained about the

10  unsafe and uninhabitable conditions at the Subject Property to agents of the Defendants,

11  including but not limited to: defective electrical wires, switches and outlets; severe bedbugs and

12  roaches infestations; severe floods and water leakages causing wet carpets and bad odor inside

13  dwelling unit; failure to repair non-functioning dishwasher which made food to be backing up

14  on dishes; failure or refusal to fix or repair the defective toilet, tub and shower inside the

15  apartment unit; refusal to repair garbage disposal and replace oven pilot; failure to stop gas leak

16  which caused gas to seep out and pollute the dwelling unit; broken cabinet drawers in kitchen;

17  broken vertical blinds in livingroom; refusal to replace non-functioning refrigerator in Plaintiffs'

18  apartment unit. Defendants ignored Plaintiffs' numerous requests and refused to carry out timely

19  repairs at Plaintiffs' dwelling unit.

20  34.     As a result of the complaints lodged by Plaintiffs above, Defendants and their

21  agents embarked on a campaign of harassment and intimidation directed at Plaintiffs.

22  35.     For instance, Defendants' property managers and leasing agents, acting within the course

23  and scope of their employment, did the following:

24          a.      Defendants and their agents deliberately failed to or delayed maintenance or

25  repairs of Plaintiffs' dwelling units even though Plaintiffs complained of uninhabitable

26  conditions in their respective apartment units;

27          b.      Threatening, intimidating, or interfering with Plaintiffs' enjoyment of their

28

COMPLAINT FOR DAMAGES

dwelling unit because of their race, color and handicap or association with handicapped tenants;

    c.    Regularly screaming and yelling at Plaintiffs' minor African American children and making derogatory comments of and concerning the African American children;

    d.    Defendants and their agents would regularly threaten to contact security officers, the police and children social services officials to arrest Plaintiffs or detain Plaintiffs' minor children; and

    e.    Regularly threatened to evict Plaintiffs if Plaintiffs lodged any complaints to third parties or any government agencies regarding the inhabitable conditions at the Subject Property or the discrimination and harassment Plaintiffs were subjected to.

36.    Defendants issued notice to terminate the tenancy of the MAGEE Plaintiffs' tenancy because the Plaintiffs reported Defendants' unlawful housing discriminatory and harassing policies and practices on account of race, color and handicap to government agencies like the Housing Authority of the City of Los Angeles and the United States Department of Housing and Urban Development.

37.    Even though Plaintiffs endured these unlawful mistreatment and restrictions placed on them on account of their race and color at the Subject Property, Defendants nevertheless threatened to evict Plaintiffs and their households from the Subject Property because minor African American children of Plaintiffs were observed outside of their apartment unit.

INJURIES TO PLAINTIFFS

38.    Though Defendants knew or reasonably should have known that their conducts, acts and omissions stated in this complaint were unlawful and were causing severe injuries and damages to Plaintiffs, Defendants failed to stop their unlawful actions but continued to recklessly disregard the protected rights of Plaintiffs in violation of federal and State of California fair housing laws.

39.    At all relevant times to this action, Defendants, through their above-referenced actions, coerced, intimidated, threatened, or interfered with Plaintiffs in the exercise or enjoyment of, or on account of their having exercised or enjoyed any right granted or protected

COMPLAINT FOR DAMAGES

12

by applicable fair housing laws of the State of California and the Fair Housing Act, in violation of 42 U.S.C. § 3617.

40.     Plaintiffs are "aggrieved persons" within the meaning of 42 U.S.C. § 3602(i) and California Gov. Code § 12927(g), and seek monetary, declaratory, and injunctive relief for housing discrimination by and through this action.

41.     As a result of Defendants' unlawful conduct, Plaintiffs suffered, are continuing to suffer, and will in the future suffer, great and irreparable loss and injury, including, but not limited to, irreversible damage to their ability to find affordable housing; loss of their housing - housing they and their family have resided in and enjoyed for at least two or three years; deprivation of the full use and enjoyment of their tenancy; violation of the covenant of quiet enjoyment; invasion of the private right of occupancy; violation of their civil rights; severe emotional distress, humiliation, embarrassment, and severe bodily injury including migraine headaches, stomach aches, sleep loss, appetite loss, inability to work, and other special and general damages according to proof.

42.     The discriminatory actions of the Defendants were intentional, willful, and taken in conscious, callous, reckless, deliberate or reckless disregard of the State of California and federally protected rights of Plaintiffs. Thus, Plaintiffs are entitled to punitive damages against the Defendants.

43.     An actual case or controversy exists between the parties regarding Defendants' duties under federal and state fair housing laws. Accordingly, Plaintiffs are entitled to declaratory relief.

44. Unless enjoined, Defendants will continue to engage in the unlawful acts and the pattern or practice of discrimination described above. Plaintiffs have no adequate remedy at law. Accordingly, Plaintiffs are entitled to injunctive relief.

///

///

///

COMPLAINT FOR DAMAGES

### FIRST CAUSE OF ACTION FOR VIOLATION THE PROVISIONS
### OF 42 U.S.C 3604 OF TITLE VIII OF
### THE CIVIL RIGHTS ACT OF 1968

45.   PLAINTIFFS incorporate by this reference all of the allegations contained in the preceding paragraphs and by this reference incorporate said allegations as part of this CAUSE OF ACTION.

46.   At all relevant times to this action, and during the course of their residency at the Subject Property, Defendants and their agents have denied Plaintiffs' request for handicap accessible ramps, designated handicap parking spots and functioning handrails on stairs and steps as a reasonable accommodation of Plaintiffs J.W. STURM and M.M. MOORE and association with handicapped Plaintiffs.

47.   DEFENDANTS enforced rules which discriminated against residents with disabilities, including and especially Plaintiffs J.W. STURM and M.M. MOORE and against those associated with handicapped Plaintiffs.

48.   Under the provisions of 42 U.S.C. § 3604( c ):

"it shall be unlawful - ( c ) To make, print, or publish, or cause to be made, printed, or published any notice, statements, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitations, or discrimination based on . . . handicap, or an intention to make any such preference, limitation, or discrimination."

49.   Defendants' establishment and enforcement of rules denying reasonable accommodation to handicap persons at the Subject Property, and in imposing additional terms and conditions related to their tenancy on the property managed by Defendants are discriminatory because they were based on Plaintiffs' disability, and this conduct caused Plaintiffs' injuries to be proven at the time of trial.

///
///
///

COMPLAINT FOR DAMAGES

SECOND CAUSE OF ACTION
FOR VIOLATION OF PLAINTIFFS' RIGHTS UNDER
TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968, AS AMENDED,
AGAINST ALL OF THE DEFENDANTS

50.     Plaintiffs incorporate by this reference all of the allegations contained in the preceding paragraphs, and by this reference incorporate said allegations as part of this CAUSE OF ACTION.

51.     Pursuant to the provisions of Title VIII of the Civil Rights Act of 1968, as amended and set forth in Title 42 of the United States Code, § 3604, et seq., Plaintiffs may not be denied the same benefits of full and equal accommodations, advantages, facilities, privileges, or services as a resident at the Subject Property because of Plaintiffs' race and color (Black, African American).

52.     Defendants, by and through a pattern or practice of unlawful discrimination, have violated the Fair Housing Act in that they injured Plaintiffs by engaging in discriminatory housing practices.

53.     As a direct and proximate result of the acts of all of the Defendants and each of them, Plaintiffs were injured in their health, strength, and activity, sustaining injury to their bodies, and shock and injury to their nervous system and person, including injuries of severe pain and mental anguish. These injuries will result in some permanent disability to Plaintiffs.

54.     As a direct and proximate result of the acts of all of the Defendants and each of them, as herein alleged, Plaintiffs have incurred, and will incur, further medical and incidental expenses for the care and treatment of these injuries, the exact amount of which will be determined at the time of trial.

55.     As a further direct and proximate result of the acts of all of the Defendants and each of them, as herein alleged, Plaintiffs have been, and will continue to be, prevented from attending to their usual occupation, and the amount of earnings which will be lost to Plaintiffs will be determined during trial.

56.     As a direct and proximate result of the acts of all of the Defendants, and each of them,

COMPLAINT FOR DAMAGES

15

1  Plaintiffs have suffered great damage to their reputation and embarrassment in their community,

2  all to their damage in the sum of money over the jurisdictional minimum of this court.

3  57.  The acts of all of the Defendants and each of them as herein alleged, were willful,

4  wanton, malicious, and oppressive, and justify the awarding of punitive damages in the amount

5  to be determined at trial.

6

7  THIRD CAUSE OF ACTION
   FOR VIOLATION OF CALIFORNIA GOVERNMENT
8  CODE § 12955( c )

9  58.  Plaintiffs incorporate by this reference all of the allegations contained in the preceding

10  paragraphs and by this reference incorporate said allegations as part of this CAUSE OF

11  ACTION.

12  59.  California's Government Code § 12955( c ) provides that:

13  "It shall be unlawful:

14  ( c ) For any person to make, print, or publish, or cause to be made, printed, or

15  published any notice, statement, or advertisement, with respect to the sale or

16  rental of a housing accommodation that indicates any preference, limitations, or

17  discrimination based on . . . disability, or an intention to make any such

18  preference, limitation, or discrimination."

19  60.  At all relevant times to this action, and during the course of Plaintiffs J.W. STURM and

20  M.M. MOORE's residency at the Subject Property, Defendants and their agents refused to

21  (reasonably accommodated handicapped tenants like Plaintiffs J.W. STURM and M.M.

22  MOORE due to their  disability) at the Subject Property.

23  61.  Defendants enforced rules which discriminated against persons with disabilities,

24  including Plaintiffs J.W. STURM and M.M. MOORE, which rules denied handicap accessible

25  access or ramps, designated handicap parking spots and functioning handrails on stairs or steps a

26  the Subject Property as reasonable accommodation of Plaintiffs' disability.

27  62.  Defendants' establishment and enforcement of rules limiting the activities of disabled

28

1   persons on the Subject Property, and in imposing additional terms and conditions related to their

2   residency at the Subject Property are discriminatory because they were based on Plaintiffs J.W.

3   STURM and M.M. MOORE's disability, and this conduct caused Plaintiffs' injuries to be

4   proven at the time of trial.

5

6                           **FOURTH CAUSE OF ACTION FOR**
                 **VIOLATION OF CALIFORNIA FAIR EMPLOYMENT**

7         **AND HOUSING ACT UNLAWFUL HOUSING DISCRIMINATION**
                       (Cal. Gov. Code § 12955, et seq.)

8

9   63.     Plaintiffs reallege and incorporate by reference all of the preceding paragraphs as though

10   fully set forth herein in this CAUSE OF ACTION.

11   64.     Plaintiffs are aggrieved persons as defined in Cal.Gov.Code § 12927(g), in that they

12   claim injury as a result of Defendants' discriminatory housing practices.

13   65.     Through Defendants' above-referenced conduct as alleged herein, Defendants have

14   violated the California Fair Employment and Housing Act, California Government Code §§

15   12926-95, including but not limited to discriminating against Plaintiffs.

16   66.     The Defendants' treatment of Plaintiffs in refusing to provide them with the same

17   advantages, privileges, or services, and in imposing additional terms and conditions related to

18   Plaintiffs' residency at the Subject Property are discriminatory because it is based on Plaintiffs

19   J.W. STURM and M.M. MOORE's disability and handicap.

20   67.     As a direct and proximate result of the acts of all of the Defendants  and each of them,

21   Plaintiffs were injured in their health, strength, and activity, sustaining injury to their body, and

22   shock and injury to their nervous system and persons, including injuries of severe pain and

23   mental anguish. These injuries will result in some permanent disability to Plaintiffs.

24   68.     As a direct and proximate result of the acts of all of the Defendants and each of them, as

25   herein alleged, Plaintiffs have incurred, and will incur, further medical and incidental expenses

26   for the care and treatment of these injuries, the exact amount of which will be determined at the

27   time of trial.

28

COMPLAINT FOR DAMAGES

69.    As a further direct and proximate result of the acts of all of the Defendants and each of them, as herein alleged, Plaintiffs have been, and will continue to be, prevented from attending to their usual occupation, and the amount of earnings which will be lost to Plaintiffs will be determined during trial.

70.    As a direct and proximate result of the acts of all of the Defendants, and each of them, Plaintiffs have suffered great damage to their reputation and embarrassment in their community, all to their damage in the sum of money over the jurisdictional minimum of this court.

71.    The acts of all of the Defendants and each of them as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages in the amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### FOR VIOLATION OF THE PROVISIONS OF THE UNRUH CIVIL RIGHTS ACT AGAINST THE DEFENDANTS
(Cal. Civil Code § 51; 54.3 et seq.)

72.    Plaintiffs incorporate by this reference all of the allegations contained in the preceding paragraphs, and by this reference incorporate said allegations as part of this CAUSE OF ACTION.

73.    Defendants owned, operated and managed the Subject Property, which is a business establishment under the Unruh Civil Rights Act.

74.    Defendants' acts and omissions described herein constitute discriminatory practices in violation of Cal. Civil Code §§ 54.3.

75.    Specifically, Defendants' treatment of Plaintiffs in refusing to provide them with the same advantages, privileges, or services, and in imposing additional terms and conditions related to their residency at the Subject Property are discriminatory because it is based on Plaintiffs J.W. STURM and M.M. MOORE's disability, as well as the association with disabled Plaintiffs and on account of the race and color of the Plaintiffs.

76.    As a direct and proximate result of the acts of all of the Defendants and each of them,

COMPLAINT FOR DAMAGES

Plaintiffs were injured in their health, strength, and activity, sustaining injury to their body, and shock and injury to their nervous system and persons, including injuries of severe pain and mental anguish. These injuries will result in some permanent disability to Plaintiffs.

77. As a direct and proximate result of the acts of all of the Defendants and each of them, as herein alleged, Plaintiffs have incurred, and will incur, further medical and incidental expenses for the care and treatment of these injuries, the exact amount of which will be determined at the time of trial.

78. As a further direct and proximate result of the acts of all of the Defendants and each of them, as herein alleged, Plaintiffs have been, and will continue to be, prevented from attending to their usual occupation, and the amount of earnings which will be lost to Plaintiffs will be determined during trial.

79. As a direct and proximate result of the acts of all of the Defendants, and each of them, Plaintiffs have suffered great damage to their reputation and embarrassment in their community, all to their damage in the sum of money over the jurisdictional minimum of this court.

80. The acts of all of the Defendants and each of them as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages in the amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## FOR NEGLIGENCE AGAINST THE DEFENDANTS

81. Plaintiffs incorporate by reference each and every allegation contained in preceding paragraphs and made a part of this CAUSE OF ACTION.

82. Defendants owed, and continues to owe Plaintiffs a non-delegable duty to operate the Subject Property in a manner that is free from unlawful discrimination and to employ, train, and supervise their directors, employees, agents, and itself to fulfill that duty. Defendants breached that duty by engaging in a pattern and practice of discrimination on the basis of race, color or handicap or disability as fully set forth and alleged herein.

83. Defendants' negligence includes but is not limited to: a) Defendants' negligent failure to

1   supervise themselves regarding compliance with the requirements of federal and state fair

2   housing laws; b) Defendants' negligent failure to supervise agents and employees regarding

3   compliance with the requirements of federal and state fair housing laws; and c) Defendants'

4   negligent failure to operate the Subject Property in conformity with accepted industry custom

5   and standards.

6   84.     As a result of Defendants' negligence, Plaintiffs have suffered, and continues to suffer

7   injury and damages including but not limited to severe emotional distress, pain and suffering,

8   and economic losses.

9

10                          DEMAND FOR TRIAL BY JURY

11  85.     Pursuant to Federal Rules of Civil Procedure, Rule 38(b), Plaintiffs demand a trial by

12  jury on all issues triable of right by a jury under the Constitution, and laws of the United States

13  of America.

14

15      **WHEREFORE**, Plaintiffs pray that this Court:

16      1.      Declares that the conduct of Defendants as set forth above violates the Fair

17  Housing Act, as amended, 42 U.S.C. §§ 3601, et seq., the California Fair Employment and

18  Housing Act, Cal.Gov't Code § 12955, et seq., and the California Unruh Civil Rights Act,

19  Cal.Civ.Code § 51, et seq.

20      2.      Enter an injunction against Defendants, their agents, employees and successors,

21  and all other persons or entities in active concert or participation with any of them, from

22  discriminating on the basis of disability, race or color in violation of the Fair Housing Act, as

23  amended, 42 U.S.C. §§ 3601, et seq. and the applicable laws of the State of California.

24      3.      Award monetary damages and such other damages in an amount equal to the

25  total damages shown by the evidence presented herein at the time of trial.

26      4.      Award exemplary damages against the Defendants herein in an amount in excess

27  of $500,000.00 pursuant to the provisions of law;

28

5.    Award Plaintiffs their costs, including attorney fees, expert fees and costs in an amount to be determined based upon the evidence presented at the time of trial;

6.    Award any other such damages as may be allowed by federal and California law;

7.    Award such other and further relief as the Court deems just and proper.

Respectfully Submitted:

Dated: August 23, 2012

LAW OFFICES OF ODION OKOJIE

Odion Okojie, Attorney to Plaintiffs
JULIE WORTH STURM, ET AL.

COMPLAINT FOR DAMAGES

21

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

### CV12- 7305 DMG (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Law Offices of Odion L. Okojie
Odion L. Okojie, SBN: 164931
880 West First Street, Suite 313
Los Angeles, California 90012
Tel: (213) 626-4100
Fax: (213) 626-6900

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Julia Worth STURM, an individual; Sandra STURM, an individual; Hope MAGEE, an individual; Paulyisha SHAW, an individual; [See Attached Form CV01Ai] **PLAINTIFF(S)** | CASE NUMBER |
| v. | CV12-7305-DMG (AGRx) |
| Davlyn Investments, Inc, a California Corporation; DLGP Aventine, LLC, a California Limited Liability Company; [See Attachment Form CV01Aii] **DEFENDANT(S).** | **SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Odion L. Okojie_____, whose address is _880 West First Street, Suite 313, Los Angeles, California 90012_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: __AUG 2 4 2012__

Clerk, U.S. District Court

By: _Marilyn Dunn_

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11                          **SUMMONS**

## ATTACHMENT FORM CV01Ai

### ADDITIONAL PLAINTIFFS

**JACOREY SHAW**, an individual;
**CHARLES SHAW**, an individual;
**MARLENE MICHELE MOORE**, an individual;
**ALFONZIA JASON MOORE**, an individual;
**PAUL PERSON**, an individual;
**MARLENE MOORE**, an individual;
**MICHELE PERSON**, an individual; and
**ALMALIA OCON**, an individual;

### Plaintiffs

**vs**.

### ADDITIONAL DEFENDANTS:

**and others to be joined under Rules 19
of the Federal Rules of Civil Procedure**

### Defendants

**Attachment to CV01A**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| STURM, Julia W; STURM, Sandra, MAGEE, Hope; SHAW, Psulyisha; SHAW, Jacorey; SHAW Charles; MOORE Marlene M; MOORE Alfonzia J; PERSON Paul; MOORE Marlene; PERSOn Michelle; and OCON Almaira | Davlyn Investments, Inc; DLGP Aventine, LLC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Law Offices of Odion L. Okojie, 880 West First Street, Suite 313, Los Angeles, California 90012, (213) 626-4100; David Iyalomhe & Associates, 880 West First Street, Suite 313, Los Angeles, CA 90012, (213) 626-4100 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 3 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ 500,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. Section 3601 et seq., housing discrimination in violation of Fair Housing Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☑ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV12-7305**

**FOR OFFICE USE ONLY:**   Case Number _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                          CIVIL COVER SHEET                          Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): Gutierrez, et al. v. Davlyn Investments, Inc., et al CV11-1365 GW(AJWx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
☑ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date August 23, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)  **CIVIL COVER SHEET**  Page 2 of 2