Thomas H. Citron, Esq., State Bar No. 182142
Katherine A. Tatikian, Esq., State Bar No. 142665
**CITRON & CITRON**
3420 Ocean Park Boulevard, Suite 3030
Santa Monica, CA 90405
Telephone: (310) 450-6695
Facsimile: (310) 450-3851
thomas.citron@citronlaw.com; katherine.tatikian@citronlaw.com

*NOTE CHANGES MADE BY THE COURT*

Attorneys for Defendants: **DAVLYN INVESTMENTS, INC.** and **DLGP AVENTINE, LLC**

LAW OFFICES OF ODION L. OKOJIE
Odion L. Okojie SBN: 164931
880 West First Street, Suite 313
Los Angeles, CA 90012
Telephone: 213.626.4100
Facsimile: 213.626.6900
Email: <okojielaw@aol.com>

*NOTE CHANGES MADE BY THE COURT*

Attorneys for Plaintiffs: JULIA WORTH STURM, SANDRA STURM, HOPE MAGEE, PAULYISHA SHAW, JACOREY SHAW, CHARLES SHAW, MARLENE MICHELE MOORE, ALFONZIA JASON MOORE, PAUL PERSON, MARLENE MOORE, MICHELE PERSON, and ALMALIA OCON, individuals

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA WORTH STURM, et al., | Case No.: CV: 12-7305-DMG(AGRx) |
| Plaintiffs, | Assigned to Hon. Dolly M. Gee |
| v. | **STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON** |
| DAVLYN INVESTMENTS, INC., a California Corporation; DLGP AVENTINE, LLC, a California Limited Liability Company, and others to be joined under rules 19 of the Federal Rules of Civil Procedure, | |
| | Trial: November 19, 2013 |
| Defendants. | Action Filed: August 24, 2012 |

1

**STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER**

1        Subject to the approval of this Court, the parties hereby stipulate to the following protective order;

       1.     In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "**CONFIDENTIAL**" or "**CONFIDENTIAL, FOR ATTORNEYS' EYES ONLY**" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which may have the effect of causing harm to the person, firm, partnership, corporation, or to the organization from which the information was obtained or to other third persons. By designating a document, thing, material, testimony or other information derived therefrom as "**CONFIDENTIAL**" or "**CONFIDENTIAL, FOR ATTORNEYS' EYES ONLY**" under the terms of this order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of *Federal Rule of Civil Procedure* 26(g).

       2.     Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "**CONFIDENTIAL**" or a "**CONFIDENTIAL, FOR ATTORNEYS' EYES ONLY.**" Stamping the legend "**CONFIDENTIAL**" or "**CONFIDENTIAL, FOR ATTORNEY'S EYES ONLY**" on the cover of any multipage document shall designate all pages of the document as "**CONFIDENTIAL**" or "**CONFIDENTIAL, FOR ATTORNEY'S EYES ONLY**", unless otherwise indicated by the producing party.

       3.     Testimony taken at a deposition, conference, hearing ~~or trial~~ may be designated as "**CONFIDENTIAL**" by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as "**CONFIDENTIAL**," and to label such portions appropriately.

4. Material designated as "**CONFIDENTIAL**" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as "**CONFIDENTIAL**" (hereinafter "**CONFIDENTIAL MATERIAL**") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. "**CONFIDENTIAL MATERIAL**" produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action; and

(e) any other person as to whom the parties in writing agree.

Prior to receiving any "**CONFIDENTIAL MATERIAL**," each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6. Depositions shall be taken only in the presence of qualified persons.

7. USE/DISCLOSURE OF "**CONFIDENTIAL, ATTORNEYS' EYES ONLY**" DOCUMENTS:

(a) Documents designated "**CONFIDENTIAL, ATTORNEYS' EYES ONLY**" shall not be given, provided or disclosed to any of the Plaintiffs in this action without a prior order of the Court;

  (b) Documents designated **"CONFIDENTIAL, ATTORNEYS' EYES ONLY"** shall not be used for any purpose other than the prosecution, defense or settlement of this action;

  (c) Documents designated **"CONFIDENTIAL, ATTORNEYS' EYES ONLY"** shall be disclosed or made available to the Court and counsel for a party, including the legal assistants or clerical employees assisting such counsel;

  (d) Except as the Court specifically orders, documents designated **"CONFIDENTIAL, ATTORNEYS' EYES ONLY"** may be disclosed to the "qualified persons" designated below:

  (i) Third party experts and consultants retained by counsel for a party to assist in the prosecution, defense, or settlement of this action;

  (ii) Court reporter(s), deposition witnesses and mediators/settlement officers involved in this action; and

  (iii) Any other person as the Court may order or the parties may in writing agree;

  (e) Prior to receiving any **"CONFIDENTIAL, ATTORNEYS' EYES ONLY"** each "qualified person" shall be provided with a copy of this Order and shall execute the Nondisclosure Agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties;

  (f) A party or the party's designated most knowledgeable person may be examined, may be shown, and may testify concerning any information or document designated as **"CONFIDENTIAL MATERIAL"** or **"CONFIDENTIAL, ATTORNEYS' EYES ONLY"** of that producing party.

  8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own **"CONFIDENTIAL MATERIAL"** as it deems appropriate.

9.  If "CONFIDENTIAL MATERIAL," or **"CONFIDENTIAL, FOR ATTORNEYS' EYES ONLY"** including any portion of a deposition transcript designated as "CONFIDENTIAL," is included in any papers to the filed in Court, such papers shall be labeled "CONFIDENTIAL—SUBJECT TO COURT ORDER" and filed under seal ~~until further order of this Court.~~ *with an application to file such documents pursuant to Local Rule 79-5.* [AGR]

10.  In the event that any "CONFIDENTIAL MATERIAL" or **"CONFIDENTIAL, FOR ATTORNEYS' EYES ONLY"** is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use. *Any such material used at trial shall become public absent a separate court order upon motion.* [AGR]

11.  This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under *Federal Rule of Civil Procedure* 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification to this Order.

12.  This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of, any such document or information or altering any existing obligation of any party or the absence thereof.

13.  This Order shall survive the final termination of this action, to the extent that the information contained in "CONFIDENTIAL MATERIAL" is not

or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as "CONFIDENTIAL" or "CONFIDENTIAL, FOR ATTORNEYS' EYES ONLY" and all copies of same, or shall certify the destruction thereof.

SO STIPULATED:

Dated: July 25, 2013

**LAW OFFICES OF ODION L. OKOJIE**
**DAVID IYALOMHE & ASSOCIATES**

By: _____
ODION L. OKOJIE/DAVID IYALOMHE
Attorneys for Plaintiffs

Dated: July 25, 2013

**CITRON & CITRON**

By: _____
THOMAS H. CITRON
KATHERINE A. TATIKIAN
Attorneys for Defendants DAVLYN
INVESTMENTS, INC. and DLGP
AVENTINE, LLC

IT IS SO ORDERED.
DATED: July 25, 2013

Alicia G. Rosenberg
UNITED STATES MAGISTRATE JUDGE

---

6

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER

Attachment A

## NONDISCLOSURE AGREEMENT

I, _____ do solemnly swear that I am fully familiar with the terms of the Stipulated protective Order entered in <u>Julia Worth Sturm, et al. v. Davlyn Investments, Inc., et al.</u>, United States District Court for the Central District of California, Civil Action No. 2:12-cv-07305-DMG-AGR, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____    _____

7921

1

**NONDISCLOSURE AGREEMENT**