LAW OFFICES OF ODION L. OKOJIE
Odion L. Okojie, SBN: 164931
880 West First Street, Suite 313
Los Angeles, CA 90012
Telephone: (213) 626-4100
Telefax: (213) 626-6900
Email: Okojielaw@aol.com

DAVID IYALOMHE & ASSOCIATES
DAVID IYALOMHE, SBN: 222396
880 West First Street, Suite 313
Los Angeles, CA 90012
Telephone: (213) 626-4100
Telefax: (213) 626-6900
Email: david@doialaw.com

Attorneys for Plaintiffs: JULIA WORTH STURM, SANDRA STURM, HOPE MAGEE, PAULYISHA SHAW, JACOREY SHAW, CHARLES SHAW, MARLENE MICHELE MOORE, ALFONZIA JASON MOORE, PAUL PERSON, MARLENE MOORE, MICHELE PERSON, and ALMALIA OCON, individuals

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA WORTH STURM, an individual; SANDRA STURM, an individual; HOPE MAGEE, an individual; PAULYISHA SHAW, an individual; JACOREY SHAW, an individual; CHARLES SHAW, an individual; MARLENE MICHELE MOORE, an individual; ALFONZIA JASON MOORE, an individual; PAUL PERSON, an individual; MARLENE MOORE, an individual; MICHELE PERSON, an individual; and ALMALIA OCON, an individual;<br><br>PLAINTIFFS,<br><br>vs<br><br>DAVLYN INVESTMENTS, INC, a California Corporation; DLGP AVENTINE, LLC, a California Limited Liability Company; and others to be joined under Rules 19 of the Federal Rules of Civil Procedure<br><br>DEFENDANTS. | CASE NO: CV12-7305-DMG-(AGRx)<br><br>Honorable Dolly M. GEE<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' <u>MOTION IN LIMINE NO. 4 TO EXCLUDE ANY AND ALL EXPERT TESTIMONY BY PLAINTIFFS</u><br><br>FPTC Date: October 22, 2013<br>Time: 2:00 p.m.<br>Courtroom: 7<br><br>Trial Date: November 19, 2013<br>Time: 8:30 a.m.<br>Courtroom: 7 |

Plaintiffs' Opposition to Defendants' Motion *In Limine* No. 4 to Exclude Any and All Expert Testimony by Plaintiffs

1

TO THE COURT, ALL OF THE DEFENDANTS INCLUDING DEFENDANTS DAVLYN INVESTMENTS, INC., and DLGP AVENTINE, LLC, (hereinafter: Defendants) and their respective attorneys of record herein, please accept the following, as constituting Plaintiffs JULIA WORTH STURM, et al's Opposition to Motion In Limine No. 4.

This opposition will be based on the accompanying memorandum of points and authorities, the pleadings on file in this action, and such further oral and documentary evidence as may be presented at the hearing of the motion.

Dated:  October 15, 2013                    LAW OFFICES OF ODION OKOJIE

                                            By:        //ss//
                                            Odion Okojie, Attorney for
                                            Plaintiffs JULIA WORTH STURM, et al.

///

///

///

///

MEMORANDUM OF POINTS AND AUTHORITIES

1. **INTRODUCTION:**

Plaintiffs JULIA WORTH STURM, et al., respectfully request that the Court deny each and every relief sought in Defendants' Motion in Limine No. 4 seeking to preclude the introduction of any non-experts' (healthcare providers) testimony by Plaintiffs at the trial of this action based on the reasons set forth in this opposition:

2. **Motion *In Limine* No. 4 Should Be Denied Because Defendants Failed To Comply With Court Order and Local Rule 7-3.**

Pursuant to this Court's Initial Standing Order (See Section 4 (b) Pre-Filing Requirement to Meet and Confer) and Scheduling and Case Management Order for Jury Trial (See Section VI (A) *Motions In Limine*), the parties are to meet and confer under Local Rule 7-3 "to attempt to reach an agreement that would obviate the motion." Contrary to Defendants' assertion in its moving papers, this meet and confer effort did not take place because Defendants only belatedly sent an email after hours on Friday, October 4, 2013, asking Plaintiffs to advise if they will stipulate to Defendants' proposed filing of eleven motions in limine and Plaintiffs immediately invited Defendants to provide the basis of their proposed motions. Rather than engage in a good faith meet and confer discussions, Defendants proceeded to file the motions in limine with the Court.

This Court expressly admonished the parties against any future non-compliance with the Local Rules" and that such non-compliance "shall result in the imposition of monetary sanctions. (See Order Re Defendants' Motion for Summary Judgment of September 30, 2013). Defendants have flagrantly ignored and disobeyed the Court order. Defendants; non-compliance has greatly prejudice Plaintiffs since Plaintiffs could not file any motions in limine without similarly disobeying the Court Order. Accordingly, all of Defendants' motions in limine

should be denied and monetary sanctions imposed on Defendants for their deliberate non-compliance with the Court Order and *Local Rule 7-3*.

3. **PARTIES DID NOT DESIGNATE AN EXPERT WITNESS:**

Ordinarily, if Defendants had complied with the Local Rule 7-3 by meeting and conferring with Plaintiffs, Plaintiff would not have opposed this motion but would have agreed and stipulated to the exclusion of any introduction of the testimony of any expert witnesses since both Plaintiffs and Defendants did not designate any expert witness pursuant to the provisions of the pertinent Federal Rules of Evidence 702, 703 and 705 and F.R.C.P. 26(a)(2)(A-C).

It is therefore disingenuous for Defendants to bring this motion seeking to preclude only Plaintiffs from proffering any expert testimony during the trial of this matter.  Plaintiffs urge the Court to deny Defendants' relief and in the alternative plaintiffs may offer testimony of non-retained experts/treating healthcare providers that were identified during discovery and that both parties should not be permitted to allowed to offer testimony of any expert witness that were not designated as expert during the discovery period.

4. **PLAINTIFFS SHOULD BE ALLOWED TO OFFER TESTIMONY OF NON-RETAINED EXPERTS**

Plaintiffs identified their treating physicians in their responses to interrogatories during discovery. In fact, based on information obtained from Plaintiffs' disclosure, Defendants sought court order, via their *ex parte* application, to conduct the oral depositions of Plaintiffs' physicians.  The Court granted Defendants' application to conduct the depositions of the treating healthcare providers.

However, Defendants failed to take a single deposition of any of the healthcare providers though they served subpoenas on the treating facilities. Under the circumstances, even if the Court concludes that Plaintiffs did not

formally designate any experts, the failure is harmless and non-prejudicial, and the testimony of any such treating healthcare providers of Plaintiffs should not be excluded.

All of Plaintiffs' treating physicians were not retained or specially employed to provide expert testimony at trial of this action. These treating physicians are percipient witnesses. A treating healthcare provider is not required to make a Rule 26(a)(2)(B) report to the extent the treating healthcare provider's opinion were formed during the course of treatment. See: *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011).

During discover, Plaintiffs provided all available medical notes regarding their medical treatment and defendants have subpoenaed and obtained plaintiffs' medical records and therefore are aware of the summary of facts which each of the proposed witnesses may testify.

5.  **CONCLUSION**

Plaintiffs urge the Court to deny Defendants' relief and in the alternative order that plaintiffs may offer testimony of non-retained experts/treating healthcare providers that were identified during discovery and that both parties should not be permitted to allowed to offer testimony of any expert witness that were not designated as expert during the discovery period.

Respectfully Submitted:

Dated: October 15, 2013          LAW OFFICES OF ODION L. OKOJIE


By: _____//ss//_____
Odion Okojie, Attorney for Plaintiffs,
Julia Worth Sturm, et al.